TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:     (718) 762-1324
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Case No: 17-cv-00646

-------------------------------------------------------------x
JENNY ALEXANDRA PLASENCIA SANCHEZ and
OLGA MARITZA ORDONEZ
*on behalf of themselves and others similarly situated*
                                                    Plaintiff,

                         v.
VITAL DRUGS, INC.
          d/b/a Vital Drugs;
VITAL PHARMACIES INC.
          d/b/a Vital Drugs;
VITAL SUPERMARKET INC.
VITAL SUPERMARKET NY INC.
          d/b/a Vital Supermarket Inc.
BOOTH MEMORIAL AVE DRUGS INC.
          d/b/a Booth Memorial Pharmacy;
CAMPUS DRUGS INC.
          d/b/a Campus Drugs;
SHAHZAD NAWAZ
          a/k/a Prince Malik;
                                        Defendants.
-------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

  Plaintiffs JENNY ALEXANDRA PLASENCIA SANCHEZ and OLGA MARITZA

ORDONEZ (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, by

and through the undersigned attorneys, Troy Law, PLLC, hereby bring this complaint against

Defendants VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital

Drugs; VITAL SUPERMARKET INC.; VITAL SUPERMARKET NY INC. d/b/a Vital

Supermarket Inc.; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy;

CAMPUS DRUGS INC. d/b/a Campus Drugs; and SHAHZAD NAWAZ a/k/a Prince Malik and

allege as follows:

## <u>INTRODUCTION</u>

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages/ minimum wage compensation, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages/ minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and

truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

6.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8.  Plaintiff JENNY ALEXANDRA PLASENCIA SANCHEZ ("Plasencia") was employed by VITAL DRUGS, INC. d/b/a Vital Pharmacies located at 147-10 45th Ave., Flushing, New York 11355 and CAMPUS DRUGS INC. located at 5904 Kissena Blvd., Flushing, New York 11355 as a pharmacy technician from September 2009 to June 2014.

9.  Plaintiff OLGA MARITZA ORDONEZ ("Ordonez") was employed VITAL DRUGS, INC. d/b/a Vital Pharmacies located at 147-10 45th Ave., Flushing, New York 11355; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy located at 135-

28 Booth Memorial Ave., Flushing, New York 11355; and CAMPUS DRUGS INC. d/b/a Campus Drugs located at 5904 Kissena Blvd., Flushing, New York 11355 as a prescription delivery person from December 2008 to May 2014.

## <u>DEFENDANTS</u>

*Corporate Defendants*

10. Defendant VITAL DRUGS, INC. d/b/a Vital Drugs is a domestic business corporation organized under the laws of the State of New York with a principal address at 147-10 45th Ave., Flushing, New York 11355.

11. VITAL DRUGS, INC. d/b/a Vital Drugs is a business engaged in interstate commerce that has gross sales in excess of five-hundred thousand dollars ($500,000.00).

12. VITAL DRUGS, INC. d/b/a Vital Drugs purchased and handled goods moved in interstate commerce.

13. Defendant VITAL PHARMACIES INC. d/b/a Vital Drugs is a domestic business corporation organized under the laws of the State of New York with a principal address at 147-10 45th Ave., Flushing, New York 11355.

14. VITAL PHARMACIES INC. d/b/a Vital Drugs is a business engaged in interstate commerce that has gross sales in excess of five-hundred thousand dollars ($500,000.00).

15. VITAL PHARMACIES INC. d/b/a Vital Drugs purchased and handled goods moved in interstate commerce.

16. Defendant VITAL SUPERMARKET INC. is a domestic business corporation organized under the laws of the State of New York with a principal address at 147-10 45th Ave., Flushing, New York 11355.

17. VITAL SUPERMARKET INC. is a business engaged in interstate commerce that has gross sales in excess of five-hundred thousand dollars ($500,000.00).

18. VITAL SUPERMARKET INC. purchased and handled goods moved in interstate commerce.

19. Defendant VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket, Inc. is a domestic business corporation organized under the laws of the State of New York with a principal address at 147-10 45th Ave., Flushing, New York 11355.

20. VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket, Inc. is a business engaged in interstate commerce that has gross sales in excess of five-hundred thousand dollars ($500,000.00).

21. VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket, Inc. purchased and handled goods moved in interstate commerce.

22. Defendant BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy is a domestic business corporation organized under the laws of the State of New York with a principal address at 135-28 Booth Memorial Ave., Flushing, New York 11355.

23. BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy is a business engaged in interstate commerce that has gross sales in excess of five-hundred thousand dollars ($500,000.00).

24. BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy purchased and handled goods moved in interstate commerce.

25. Defendant CAMPUS DRUGS INC. d/b/a Campus Drugs is a domestic business corporation organized under the laws of the State of New York with a principal address at 5904 Kissena Blvd., Flushing, New York 11355.

26. Upon information and belief, CAMPUS DRUGS INC. d/b/a Campus Drugs is a business engaged in interstate commerce that has gross sales in excess of five-hundred thousand

dollars ($500,000.00).

27. Upon information and belief CAMPUS DRUGS INC. d/b/a Campus Drugs purchased and handled goods moved in interstate commerce.

***Owner/ Operator Defendant***

28. The Individual Defendant is an officer, director, manager, majority shareholder and/or owner of the Corporate Defendants VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET INC.; VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc.; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy; and CAMPUS DRUGS INC. d/b/a Campus Drugs.

29. Owner/ Operator Defendant SHAHZAD NAWAZ AKA PRINCE MALIK, known as "Boss" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

30. Upon personal knowledge of Plaintiffs, "Boss" SHAHZAD NAWAZ AKA PRINCE MALIK decided which day Plaintiffs worked and had off, and what hours he should work per day and per week.

31. Upon personal knowledge of Plaintiffs, "Boss" SHAHZAD NAWAZ AKA PRINCE MALIK fired Plaintiff JENNY ALEXANDRA PLASENCIA SANCHEZ on or about June 2014 without cause.

32. Upon personal knowledge of Plaintiffs, "Boss" SHAHZAD NAWAZ AKA PRINCE MALIK fired Plaintiff OLGA MARITZA ORDONEZ on or about May 2014 without cause.

33. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant SHAHZAD NAWAZ

AKA PRINCE MALIK acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with VITAL DRUGS, INC.

34. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

*Corporate Defendants VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET INC.; VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc.; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy; and CAMPUS DRUGS INC. d/b/a Campus Drugs constitutes an enterprise under the FLSA and NYLL*

35. At all times relevant herein, (copy and paste) constitutes an enterprise (hereinafter the "Vital Drug" enterprise) under the FLSA and NYLL, was, and continues to be, single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

36. VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET INC.; VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc.; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy; and CAMPUS DRUGS INC. d/b/a Campus Drugs is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

37. The Vital Drugs enterprise produces purchases and handles goods moved in interstate commerce.

38. The Vital Drugs enterprise has two (2) active pharmacies in New York City: VITAL SUPERMARKET INC. located at 147-10 45th Ave, Flushing, NY 11355; and BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy located at

39. The Vital Drugs enterprise is owned in its entirety by individual defendant SHAHZAD NAWAZ a/k/a Prince Malik.

40. The Vital Drugs enterprise freely shares goods and assigns employees, including Plaintiffs, among the different stores depending on need. For instance, Plaintiff ORDONEZ would deliver prescriptions to and from all of the Corporate Defendants.

41. Upon information and belief, the Vital Drugs enterprise shares common management.

42. Vital Drugs freely shares goods and assigns employees, including Plaintiffs, among the different stores depending on need.

43. Vital Drug Pharmacies, focus on branding and uniformity of operations is reflected in the careful consistency of the physical appearance of  Vital Drugs' retail locations, pharmaceutical and product selection.

***Defendants VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET INC.; VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc.; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy; CAMPUS DRUGS INC. d/b/a Campus Drugs; and SHAHZAD NAWAZ a/k/a Prince Malik Constitute Joint Employers under the FLSA and NYLL***

44. Corporate Defendants VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET INC.; VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc.; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy; and CAMPUS DRUGS INC. d/b/a Campus Drugs and Individual Defendants SHAHZAD NAWAZ a/k/a Prince Malik are joint employers, and further, the Corporate Defendants constitute an enterprise as the term is defined by 29 USC §203(r)

insofar as the three restaurants doing business at three locations:

    a.  Share employees among the three locations;

    b.  Assign and re-assign employees to work at one or more locations on a weekly schedule set by Owner/ Operator Defendants depending on need, including Plaintiffs;

    c.  and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co- owned by the same partners.

***Further Defendants d/b/a Vital Drugs Constitute Successor Employers under the the NY Anti-Shirtchanger Act***

45. Corporate Defendants d/b/a Vital Drugs and Vital Supermarket Inc. are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

46. In particular, Corporate Defendants VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET INC.; and VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc. all did or does business at 137-40 Northern Blvd, Flushing NY 11354 and are owned/ operated by the same management.

47. Further, Plaintiffs worked under substantially the same working condition regardless of which Corporate Defendant they were working under.

***Wage-and-Hour Claims***

48. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

49. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

50. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English or Spanish reflecting true rates of pay and payday.

51. At all relevant times, Defendants knowingly and failed to provide Plaintiffs and similarly situated employees with paystubs that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in English and in Spanish, Plaintiff's primary language, as required by NYLL §195(1).

52. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

53. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

54. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

55. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff JENNY ALEXANDRA PLASENCIA SANCHEZ

56. From on or about September 1, 2009 to June 30, 2014, Plaintiff JENNY ALEXANDRA PLASENCIA SANCHEZ worked as a pharmacy technician for VITAL DRUGS, INC. d/b/a Vital Drugs; VITAL PHARMACIES INC. d/b/a Vital Drugs; VITAL SUPERMARKET

INC.; and VITAL SUPERMARKET NY INC. d/b/a Vital Supermarket Inc. (should include all corps) located at 147-10 45th Ave., Flushing, New York 11355; and CAMPUS DRUGS INC. d/b/a Campus Drugs located at 5904 Kissena Blvd., Flushing, New York 11355.

57. At all relevant times, Plaintiff Jenny Plasencia's regular work schedule ran from Mondays to Fridays from 09:00 to 19:00 for five (5) days a week and on Saturdays from 10:00 to 17:00 for one (1) day a week for a total of fifty seven (57) hours per week.

58. From September 1, 2009 to June 30, 2014, Plaintiff was promised a compensation of fourteen dollars ($14.00) per hour.

59. At all relevant times, Plaintiff was compensated a flat compensation of two hundred dollars ($200.00) in check and five hundred and ninety-eight ($598.00) in check for a total of ($798.00) per week.

60. Plaintiff PLASENCIA was not compensated at least at one-and-one-half of the minimum wage or her calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

*Plaintiff OLGA MARITZA ORDONEZ*

61. From December 1, 2008 to May 31, 2014, Plaintiff OLGA MARTIZA ORDONEZ worked as a pharmacy technician for VITAL DRUGS, INC. d/b/a Vital Pharmacies located at 147-10 45th Ave., Flushing, New York 11355; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy located at 135-28 Booth Memorial Ave., Flushing, New York 11355; and CAMPUS DRUGS INC. d/b/a Campus Drugs located at 5904 Kissena Blvd., Flushing, New York 11355.

62. At all relevant times, Plaintiff OLGA MARTIZA ORDONEZ's regular work schedule ran from Mondays to Fridays from 09:00 to 17:00 for five (5) days a week.

63. However, Plaintiff was required to finish her delivery trips, even if that necessitated her working past 17:00 pm, resulting in her frequently ending work much later. The time at which she ended work varied from day to day but ranged from 17:00 pm to 22:30 pm. Plaintiff was also required to occasionally work on Saturdays in addition to her regular schedule. On average Plaintiff ORDONEZ would work on Saturday per month.

64. From December 1, 2008 to September 9, 2012, Plaintiff OLGA MARTIZA ORDONEZ worked overtime hours on an irregular basis, but was never compensated for any overtime work performed.

65. From September 10, 2012 to May 2014, Plaintiff OLGA MARTIZA ORDONEZ worked an average of approximately forty-six and one quarter (46.25) hours per week.

66. Plaintiff's was compensated with four hundred dollars ($400.00) every two weeks by check, representing payment for twenty (20) hours of her weekly hours.

67. Plaintiff would receive cash amounts representing payment for the remainder of the hours worked.

68. Plaintiff was compensated for her hours times her hourly wage rate but did not receive her time and a half rate for her overtime hours worked.

69. From December 1, 2008 to May 31, 2014, Plaintiff was compensated at a rate of ten dollars ($10.00) per hour.

70. At all relevant times, Plaintiff OLGA MARTIZA ORDONEZ was not compensated at least at one-and-one-half of the minimum wage or her calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

71. At all relevant times, Plaintiff OLGA MARTIZA ORDONEZ was compensated for any tolls she had to pay during the course of making deliveries.

72. At all relevant times, Plaintiff OLGA MARTIZA ORDONEZ was compensated twenty-five dollars ($25.00) per day for gas purposes regardless of how much gas was used or how many miles were driven.

73. At all relevant times, Plaintiff OLGA MARTIZA ORDONEZ's route included but was not limited to Far Rockaway, Manhattan, Queens, Brooklyn, and Staten Island from her starting point amongst VITAL DRUGS, INC. d/b/a Vital Pharmacies located at 147-10 45th Ave., Flushing, New York 11355; BOOTH MEMORIAL AVE DRUGS INC. d/b/a Booth Memorial Pharmacy located at 135-28 Booth Memorial Ave., Flushing, New York 11355; and CAMPUS DRUGS INC. d/b/a Campus Drugs located at 5904 Kissena Blvd., Flushing, New York 11355.

74. At all relevant times, Plaintiff OLGA MARTIZA ORDONEZ had no fixed times for meals. Because of this, Plaintiff often brought fruits with her to work to snack on between deliveries.

## COLLECTIVE ACTION ALLEGATIONS

75. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

76. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C.

P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

77. All said persons, including Plaintiffs, are referred to herein as the "Class."

78. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

79. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

*Commonality*

80. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b.  Whether Plaintiffs and Class members are paid at least the minimum wage for

each hour worked under the New York Labor Law;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

81. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited

from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

82. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

### Superiority

83. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving

of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

84. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory overtime wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

87. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

88. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

89. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

91. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

92. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

93. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

94. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

95. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

96. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

97. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

98. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

99. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

100. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements

of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

101.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

102.   Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.   An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

104.   At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

105.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

106.   Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

107.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

108. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

109. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Motor Vehicle, including Depreciation, Insurance, Maintenance and Repairs]

110. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

111. Throughout the relevant period, Defendants required their delivery-persons to bear the majority of the "out-of-pocket" costs associated with their delivery vehicle, including the purchase, maintenance, repair, maintenance of a delivery motor vehicle. Defendants compensated Plaintiffs twenty-five dollars ($25.00) per day for gas costs, regardless of the amount of gas used. Defendants have not fully compensated Plaintiffs for expenses incurred from maintenance of the vehicle and the purchase of gas. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiffs a reasonable sum under the afore-alleged facts.

112. Based on their personal experience and available information, Plaintiff Ordonez can document actual "out-of-pocket" vehicle related expenses of their motor vehicle.

113. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiffs to maintain the motor vehicle in working condition.

114. Plaintiffs purchased, maintained and repaired the motor vehicle at their own expense.

115. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

116. Defendants neither explicitly nor implicitly requested Plaintiffs to cease the purchase of gasoline and/or the car maintenance.

117. The IRS has published a standard mileage rate used to calculate the costs of operating an automobile for business purposes.

118. In 2012, the IRS standard mileage rate for the use of a car was 55.5 cents per mile for business miles driven.

119. In 2013, the IRS standard mileage rate for the use of a car was 56.5 cents per mile for business miles driven.

120. In 2014, the IRS standard mileage rate for the use of a car was 56 cents per mile for business miles driven.

121. In 2015, the IRS standard mileage rate for the use of a car was 57.5 cents per mile for business miles driven.

122. In 2016, the IRS standard mileage rate for the use of a car was 54 cents per mile for business miles driven.

123. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for motor vehicle purchase and maintenance in exchange for compensation from Defendants for such expenses.

124. Defendants owe Plaintiffs their overdue costs of maintaining motor vehicle for Defendants' benefit.

## COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

125. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

126. Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

127. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

128. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

129. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

130. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

131. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

132. Defendants intentionally failed to provide notice to employees in violation of New York

Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

133.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

134.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiffs and Rule 23 Class]

135.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

136.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

137.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

138.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT X.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434
### Brought on behalf of the Plaintiffs]

139.   Plaintiffs re-allege and incorporate and incorporate by reference all preceding paragraphs as though fully set forth herein.

140.   26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

141.   Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General
### Business Law §349
### Brought on behalf of the Plaintiff]

142.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

143.   NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

144.   Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

145.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the

proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)     An award of unpaid overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)     Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated drivers in the purchase, maintenance and repair of their motor vehicles as driver in direct service of Defendant Corporations;

k)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
February 3, 2017

TROY LAW, PLLC
*Attorney for the Plaintiffs, proposed FLSA*
*Collective and Proposed Class Plaintiffs*


  /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com